USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 01 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Charles Hack,

            Plaintiff,

    –v–

Robert B. Stang,

            Defendant.

13-cv-7253 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

This case arises out of a disputed promissory note that Plaintiff Charles Hack issued to Defendant Robert B. Stang in November 2014. Hack moves for summary judgment to collect the principal of the note, the accrued interest, and attorneys' fees and costs. *See* Dkt. No. 18. For the reasons below, Hack's motion is GRANTED.

**I.    BACKGROUND**

This case is directly related to another case pending before this Court. *See Hack v. Stang*, 13-cv-5713 (AJN). That case concerns a promissory note executed between Hack and Stang in June 2012 (the "First Note"), whereas this case concerns a virtually identical note executed between the parties in November 2012 (the "Second Note"). Because of the overlapping issues between the two cases, and because the parties stipulated to brief summary judgment in both cases simultaneously, this Memorandum & Order frequently cites to the Court's Memorandum & Order in the First Note action (the "First Note Memorandum & Order"), which addresses many of the subsequent issues in greater detail. *See Hack v. Stang*, 13-cv-5713 (AJN), September 1, 2015 Memorandum & Order.

1

### A. The Promissory Note

On November 14, 2012, Hack loaned Stang the sum of $160,000. *See* Def. 56.1 Statement ¶ 1. To evidence the loan, the parties executed a promissory note, the Second Note, on the same date. *Id.* ¶ 2. The Second Note states that Hack is the holder of the note and that it obligates Stang to repay the principal amount of $160,000 on or before August 31, 2013, in addition to making quarterly interest payments. *Id.* ¶¶ 4-6. Whereas the First Note tethered the interest rate to be paid by Stang to a Sotheby's bank account controlled by Hack, the Second Note provides that Stang "shall pay interest on the unpaid principal amount hereof from the date hereof until paid in full at the rate of six percent (6%) per annum. Interest shall be payable quarterly on the first day of each quarter, commencing on January 1, 2014 until the maturity date." *See* Pl.'s Ex. A-2. The Second Note further contained an indemnification clause identical to the one contained in the First Note. *Id.*[1]

Stang made the first quarterly interest payment on the Second Note on January 1, 2013, but failed to make any subsequent quarterly payment. *See* Def. 56.1 Statement ¶¶ 7-9. On September 4, 2013, Hack served a written demand on Stang requesting payment of the principal on the note and the accumulated interest. *Id.* ¶ 12.

### B. Procedural History

This case was first filed in New York Supreme Court on September 17, 2013. *See* Dkt. No. 1. As with the First Note action, Hack filed the case pursuant to N.Y. CPLR § 3213, which allows a plaintiff to file a motion for summary judgment in lieu of a complaint. Stang removed the case to federal court on the basis of diversity jurisdiction on October 15, 2015. *Id.* He had

---

[1] The indemnification clause provides that Stang "agrees to pay all reasonable costs and expenses incurred by the Holder hereof in enforcing this Promissory Note and the collection of any principal and interest including, without limitation, reasonable attorneys' fees, disbursements and costs." *Id.*

previously removed the First Note action on August 15, 2013. *See Hack v. Stang*, 13-cv-5713 (AJN), Dkt. No. 1. Stang moved to dismiss the First Note action for lack of personal jurisdiction or, in the alternative, for improper venue. *Id.* at 15. After that motion was denied, *see id.* at 31, the parties entered a stipulation in this case acknowledging that, if Stang were to file a similar motion in this action, it would similarly be denied. *See* Dkt. No. 12. The parties further stipulated to brief summary judgment in the two cases simultaneously. *Id.*

## II.     LEGAL STANDARD

Summary judgment is properly granted when, after reviewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). For summary judgment purposes, a genuine issue exists if the evidence is such that a reasonable jury could decide in the non-moving party's favor. *Id.*

In a summary judgment setting, "the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship,* 22 F.3d 1219, 1223 (2d Cir. 1994). However, "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence . . . on an essential element of the nonmovant's claim." *Cordiano v. Metacon Gun Club, Inc.,* 575 F.3d 199, 204 (2d Cir. 2009). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted). "More specifically, it must do more

than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (citations omitted).

### III. DISCUSSION

Hack seeks to recover the principal sum of the Second Note in addition to the interest that has accrued on the note since Stang ceased making quarterly interest payments. He further requests attorneys' fees and costs spent enforcing the Second Note. The issues presented in this motion are identical to the ones raised, and addressed in greater detail, in the First Note action. Accordingly, for both the reasons below and those contained in the First Note Memorandum & Order, Hack's motion for summary judgment is granted.

#### A. Hack Has Established a *Prima Facie* Case of Default on the Second Note

To establish a *prima facie* case of default on a promissory note under New York law, a plaintiff must provide proof of a valid note and of defendant's failure, despite proper demand, to make payment. *See Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 399 (S.D.N.Y. 2000) (citing *Gateway State Bank v. Shangri–La Private Club for Women, Inc.*, 113 A.D.2d 791 (N.Y. App. Div. 1985), *aff'd,* 67 N.Y.2d 627 (1986)).

Once the plaintiff has made out a *prima facie* case of default, "it [becomes] incumbent on the defendant to establish, by admissible evidence, that a triable issue of fact exist[s]." *Inner City Telecommunications Network, Inc. v. Sheridan Broad. Corp.*, 10-cv-3567 (LAP), 2010 WL 2835559, at *2 (S.D.N.Y. July 13, 2010) (quoting *Silber v. Muschel,* 190 A.D.2d 727, 728 (N.Y. App. Div. 1993)). *See also In re RMM Records & Video Corp.*, 372 B.R. 603, 609-10 (Bankr. S.D.N.Y. 2007) ("When a note holder has established a *prima facie* claim, the burden shifts to the defendant to prove the 'existence' of a triable issue of fact in the form of a bona fide defense against the note. . . . It is well settled under New York law that conclusory allegations as to the

4

defenses do not suffice to defeat a summary judgment motion for payment of a promissory note.") (internal citations and quotations omitted).

There is no genuine dispute of fact that Hack has made out a *prima facie* case of default on the Second Note. There is no genuine dispute of fact that a valid note exists, that Hack is the holder of the note, and that the note obligated Stang to make certain payments to Hack. *See* Def. 56.1 Statement ¶¶ 1-2, 4-5; Pl.'s Ex. A-2. Further, there is no dispute of fact that on September 4, 2013, Hack issued a written demand for payment to Stang. *See* Def. 56.1 Statement ¶ 12; Pl.'s Ex. A-5. Stang does not dispute that he has failed to pay back the principal sum of the note or that he ceased making quarterly interest payments after January 1, 2013. *See* Def. 56.1 Statement ¶¶ 7-10. "This Court has little difficulty finding that Plaintiff[] ha[s] met their burden of showing there can be no material factual dispute as to any of these elements, and that they are therefore entitled to judgment as a matter of law." *Genesi v. Int'l Portfolio, Inc.*, 12-cv-5462 (RA), 2012 WL 5964391, at *3-4 (S.D.N.Y. Nov. 29, 2012) (granting summary judgment under § 3213 where plaintiff established existence of the note, demand for payment, and failure of defendant to pay). Hack has met his "initial burden of demonstrating entitlement to recovery of the note" and the burden has therefore "shifted to defendant[] to demonstrate" why Hack is not entitled to enforce the Second Note. *Carlin v. Jemal*, 68 A.D.3d 655, 656, 657 (N.Y. App. Div. 2009). *See also* First Note Memorandum & Order at 4-5.

### B. Stang Has Failed to Raise a Triable Issue of Fact Concerning the Enforceability of the Second Note

In opposition to Hack's motion for summary judgment, Stang reiterates verbatim his theory that he may be entitled to a setoff against the amount due under the Second Note, thus precluding summary judgment. This argument is rejected for the same reasons provided in the First Note action. *See* First Note Memorandum & Order at 6-11. Namely, Stang provides

nothing more than the bare assertion that he may, potentially, be entitled to a setoff. *See* Opp. ¶ 2. This unsubstantiated declaration is insufficient to raise a triable issue of fact. *See Ellenville Nat. Bank v. Freund*, 200 A.D.2d 827, 828 (N.Y. App. Div. 1994) (affirming grant of summary judgment where "defendants maintain[ed] that they may have a right to set off against the amount due on the note amounts allegedly overpaid on prior loans" but failed to present "any facts in support thereof"); *Tec Am., Inc. v. Globe Monte Metro, Inc.*, 293 A.D.2d 739 (N.Y. App. Div. 2002) ("The defendant's conclusory and unsubstantiated allegations in opposition to the motion failed to establish the existence of a triable issue of fact with respect to its claim that it is entitled to a setoff . . .")

Similarly, as in the First Note action, even if Stang had substantiated his claim to a setoff, New York law bars use of a unliquidated claim to damages as a setoff against a due and payable liability. *See New Haven Props. Ltd. v. Grinberg*, 293 A.D.2d 386, 387 (N.Y. App. Div. 2002) ("defendants cannot offset the subject liquidated, past due liability against the disputed, unliquidated liability it claims against plaintiff's customer"); *Correspondent Servs. Corp. v. J.V.W. Inv. Ltd.*, 524 F. Supp. 2d 412, 424 (S.D.N.Y. 2007) (holding that a defendant "has no right to 'set-off' its pending disputed and unliquidated claim against" a plaintiff's "present entitlement to damages owed").

Stang does not suggest that any genuine issue of material fact exists concerning the calculation of interest, as he did in the First Note action. This is likely because the Second Note explicitly provides for a six percent per annum rate of interest, whereas the First Note tied calculation of interest to a Sotheby's line of credit controlled by Hack. *See* Pl.'s Ex. A-2. Stang raises no other argument concerning enforcement of the note. Accordingly, the Court concludes

that Stang has failed to raise any genuine dispute of material fact concerning enforcement of the Second Note.[2]

### C. Hack Is Entitled to Attorneys' Fees and Costs Under the Terms of the Second Note

The Second Note contains an indemnification clause identical to that of the First Note. *See* Pl.'s Ex. A-2. "In New York, the general rule is that attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule." *Travelers Cas. & Sur. Co. v. Dale*, 542 F. Supp. 2d 260, 264 (S.D.N.Y. 2008) (quoting *Hooper Assocs. Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (1989)) (internal quotations removed). Promises to indemnify a party are to be strictly construed in light of the general American rule that parties bear the responsibility of paying their own litigation costs. *See Abakan, Inc. v. Uptick Capital, LLC*, 943 F. Supp. 2d 410, 415 (S.D.N.Y. 2013). In cases under § 3213, New York courts have made clear that clauses indemnifying noteholders may not be expanded to award fees "unrelated to the enforcement of those rights" under the note. *Tudisco v. Duerr*, 89 A.D.3d 1372, 1376 (N.Y. App. Div. 2011). Similarly, fees and costs recovered pursuant to contract must be reasonable. *See Coniglio v. Regan*, 186 A.D.2d 709, 710 (N.Y. App. Div. 1992) ("Attorneys' fees unilaterally fixed by contract are no less subject to the test of reasonableness than are attorneys' fees which are awarded by the court.")

As in the First Note action, Stang does not challenge the validity of the Second Note's indemnification clause, but rather raises two arguments challenging the fee and cost figures provided by Hack. *See* Opp. ¶¶ 3-4. These arguments are again rejected for the same reasons in

---

[2] For the reasons provided in the First Note action, the Court again declines to determine whether or not Stang waived his right to a setoff under the terms of the Second Note. *See* First Note Memorandum & Order at 10-11

the First Note action. *See* First Note Memorandum & Order at 15-19. Stang blandly claims that "there are questions about certain entries," *id.* ¶ 3, but fails to explain precisely what those questions are. For instance, Stang states there are questions about an entry reflecting research into New York law on October 10, 2013, when the case was subsequently removed to federal court on October 15, 2013. *Id.* The Court finds nothing unreasonable about research into New York law, regardless of whether the Court was pending in state or federal court, in light of the fact that the case is governed by New York contract law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Next, Stang again challenges the reasonableness of certain costs detailed by Hack, including a Federal Express charge of $32.55. The Court once more declines to indulge Stang's attempt to "nitpick without substance at particular costs." *McIntosh v. N. Cal. Universal Enterprises, Inc.*, 07-cv-1080 (LJO) (GSA), 2010 WL 3341905, at *3 (E.D. Cal. Aug. 23, 2010). *See also* First Note Memorandum & Order at 18.

In sum, Hack has once more demonstrated that he is entitled to fees and costs under the terms of the promissory note. *See* First Note Memorandum & Order at 19. Because Stang has failed to raise any triable issue with respect to fees and costs, and because Hack has provided sufficient documentation establishing a sum certain, the Court awards Hack his fees and costs. *See* Pl.'s Ex. G. *See also Cablevision Sys. New York City Corp. v. Diaz*, 01-cv-4340 (GEL) (FM), 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002) (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983)) ("In the Second Circuit, a party seeking an award of attorneys' fees must support that request with contemporaneous time records that show, 'for each attorney, the date, the hours expended, and the nature of the work done.'")

## IV. CONCLUSION

In conclusion, Hack's motion for summary judgment is granted in its entirety. He is awarded $177,963.83 in principal and interest on the Second Note and a further $6,390.30 in fees and costs pursuant to the indemnification clause of the Second Note. This resolves Dkt. No. 18. The Clerk of Court is instructed to terminate the case.

SO ORDERED.

Dated: Sept 1, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge